## A. P. Gilmore v. Thomas E. Courtney.

1. BUILDING CONTRACT—*Architect's Certificate.*—Under a building contract providing that all questions of damages, allowance for extra work or work left out, and all questions as to the true intent and meaning

of this contract shall be referred to an architect as arbitrator, and his decision be final and binding to both parties, the contractor must have the certificate of the architect, or a legal excuse for not having it, in order to maintain his action.

2. INSTRUCTIONS—*Ignoring Evidence.*—In an action upon a contract, where the defendant claims damages for delay by the appellee, for bad work, and for deficiencies in performance, and there is some evidence tending to show such damages, an instruction which cuts off consideration of damages for such work and deficiencies, is erroneous.

**Memorandum.**—Assumpsit on building contract. Appeal from the Superior Court of Cook County; the Hon. GEORGE F. BLANKE, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded. Opinion filed June 18, 1894.

COLLINS, GOODRICH, DARROW & VINCENT, attorneys for appellant.

GEORGE P. MERRICK, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

July 15, 1889, these parties made a written contract under which the appellee was to do the excavating and mason work of a house for the appellant, and complete the work by October 1, 1889. The appellant was to pay " upon certificate of H. B. Seeley, architect, that all the terms of the contract have been complied with," and one article of the contract was:

" It is mutually agreed that all questions of damages, allowance for extra work or work left out, and all questions as to the true intent and meaning of this contract shall be referred to H. B. Seeley, as arbitrator, and his decision shall be final and binding to both parties."

That under these stipulations, the appellee must have a certificate of the architect, or an excuse for not having it, in order to maintain his action, is not denied by the appellee. He did not fully complete his work, and quit it about December 1, 1889, as the jury found. He had no certificate, and the only excuse offered is that on the first application for a partial payment under a provision of the contract for such payments, " at the discretion of the architect," the

architect required of the appellee a "statement," in conformity with section 35 of the mechanics' lien law, as it then stood under the amendment of 1887, since wholly changed. The appellee objected that he was not required by other owners to present such a statement, and there is testimony that the architect expressed himself vigorously that he was in favor of the appellant and opposed to everybody else. This interview was months before the appellee left the work, in fact within three weeks of its commencement.

There is testimony that the appellee then said to the appellant, that there was one understanding upon which he, the appellee, could do the work, and that was that if they should have any misunderstanding when the work was completed the whole matter should be arbitrated, to which the appellant agreed.

The court left the question to the jury upon instructions asked by both parties, whether the language used by the architect would reasonably justify the appellee in believing that the architect would not decide fairly, and if not, whether the provision for submitting to his decision was waived by the appellant.

We will not review the evidence upon which the jury, by a verdict for the appellee, must have found in the affirmative upon one or the other of those questions. The judgment must be reversed for an error in the last instruction for the appellee. That instruction told the jury, that if there was such a waiver, "the plaintiff is entitled to have and recover in this case for the balance of the contract price and the cost of the extra material and labor, and damages for delay, as the evidence in this case shows such balance on said contract, extra labor and material and delay was fairly and reasonably worth, less damages, if any, caused by plaintiff's delay, if from the evidence they believe he has caused any delay."

The appellee claimed damages for being delayed by other contractors, for extras, and for work under the contract, but conceded that the contract was not fully performed.

The appellant claimed damages for delay by the appellee, for bad work, and for deficiencies in performance.

These claims of the appellant were supported by, we may say, at least, some evidence. The instruction cut off consideration of damages for bad work and deficiencies. We could not ourselves figure out how much the appellant lost by it, but the argument of his counsel leads us to conclude that the verdict for $1,550 should have been $902.22. If the appellee will remit to the latter sum within ten days the judgment will be affirmed for that, if not, the judgment will be reversed and the cause remanded. In either event the costs fall on the appellee.

MR. JUSTICE WATERMAN.

I am not satisfied that under the evidence appellee was entitled to recover, in the absence of a certificate from the architect.